IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LIBERTY INTERNATIONAL UNDERWRITERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WESTCHESTER FIRE INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. <br><br> _____ |

## COMPLAINT

Plaintiff Liberty International Underwriters Inc. ("LIUI") brings this Complaint against Defendant Westchester Fire Insurance Company ("Westchester"), showing the Court as follows:

### Nature of the Action

1. This is an insurance coverage dispute in which LIUI seeks, by way of subrogation, to recover for Westchester's breach of its duty to defend and indemnify its insured— Sidwell Barrett & Welch, P.C. (the "Insured")—for a legal malpractice claim brought by Stratford Land Fund IV, LP and SLF IV Lending, LP (collectively, "Stratford").

### Parties, Jurisdiction, and Venue

2. LIUI is incorporated in Illinois with a principal place of business in Boston, Massachusetts.

3. Westchester is a Pennsylvania corporation with its principal place of business in New York and may be served with process through the Tennessee Insurance Commissioner at

{01229053.1}
1

the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243-1204.

4. Jurisdiction over this controversy is established by 28 U.S.C. § 1332 in that LIUI seeks damages that exceed $75,000, exclusive of interest and costs, and this action is between citizens of different states with complete diversity of citizenship between LIUI and Westchester.

5. Venue is proper in this Court under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the cause of action occurred in this district.

**Factual Background**

A. **The Notice of Potential Claim to Westchester**

6. Westchester issued Lawyers Professional Liability Insurance Policy No. LPL-G290 8013 001 to the Insured for a policy period of July 3, 2010 to July 3, 2011 (the "Westchester Policy"). A true and correct copy of the Westchester Policy is attached hereto as Exhibit A.

7. The Westchester Policy provided coverage on a claims-made-and-reported basis.

8. Pursuant to Endorsement No. 1.a., the Westchester Policy required the Insured to give notice of any event or circumstance that could reasonably be expected to result in a claim. It further provided that any claim arising out of such event or circumstance is deemed "made" at the time of the notice of the event or circumstance.

9. The notice of circumstance provision in the Westchester Policy only requires that notice be given, and does not require the provision of any specific information to trigger the relation-back of any claim to the notice.

10. On or about June 2, 2011 and within the Westchester Policy period, the Insured notified Westchester of "the threat of a potential claim" that arose out of "the purchase of a note

by [the Insured's] client under terms he was unable to fulfill." A true and correct copy of the notice is attached hereto as Exhibit B.

11. This notice fully complied with the minimal requirements set out in the notice of circumstance provision contained in the Westchester Policy.

12. On July 20, 2011, Westchester's agent acknowledged this notice of the potential claim. While Westchester's agent requested additional information to evaluate the coverage and reserved Westchester's rights, Westchester never advised the Insured that the notice was untimely or otherwise insufficient to satisfy the notice of circumstance provision contained in Endorsement 1.a.

### B. LIUI's Defense of the Underlying Action

13. LIUI issued Lawyers Professional Liability Insurance Policy No. LPA302339-0111 to the Insured on a claims-made-and-reported basis for a policy period of July 3, 2011 to July 3, 2012 (the "LIUI Policy"). A true and correct copy of the LIUI Policy is attached hereto as Exhibit C.

14. The LIUI policy does not provide coverage for any claims made during its policy period if that claim is covered by a prior policy, such as when a notice of potential claim is provided to a predecessor carrier as was done here.

15. On June 1, 2012, the Insured received a demand letter from Stratford alleging that the Insured made misrepresentations in a real estate transaction regarding the Insured's client's ability to pay a promissory note collateralized by the subject property (the "Demand Letter"). A true and correct copy of the Demand Letter is attached hereto as Exhibit D.

16. On November 8, 2012, Stratford filed suit against the Insured in the United States District Court for the Middle District of Tennessee asserting these allegations (the "Underlying Acton"). A true and correct copy of the Underlying Action is attached hereto as <u>Exhibit E</u>.

17. The Demand Letter and the Underlying Action arose out of the event and circumstance reported to Westchester in the June 2, 2011 notice.

18. Rather than providing notice of the Demand Letter and the Underlying Action to Westchester, the Insured forwarded those documents to LIUI.

19. Pursuant to the LIUI Policy, LIUI undertook the defense of the Underlying Action subject to a reservation of rights and retained the law firm of Lewis, King, Krieg & Waldrop, P.C. ("Lewis King") to represent the Insured in the Underlying Action.

20. Upon information and belief, Westchester has approved and used the law firm of Lewis King to represent its insureds in other matters.

21. Lewis King competently defended the Insured in the Underlying Action.

**C.    The Tender to Westchester and Westchester's Denial of Coverage**

22. In or around October 2013, LIUI discovered that the Underlying Action arose out of an event and circumstance previously reported to Westchester.

23. On or about October 28, 2013, Westchester's agent received notice of the Underlying Action and a request that Westchester undertake the defense and indemnity of the Insured.

24. On or about November 1, 2013, Westchester's agent denied coverage.

25. Westchester denied, in part, on the grounds that the June 2, 2011 notice of circumstance was insufficient, but Westchester failed to raise this issue when the Insured first provided the notice and, instead, waited almost two and a half years before informing the Insured

{01229053.1 }
4

6637507
Case 3:15-cv-00509   Document 1   Filed 05/04/15   Page 4 of 8 PageID #: 4

of its position that the notice was insufficient under the language of the policy. The Insured detrimentally relied on Westchester's original silence on this issue and, accordingly, Westchester should not be permitted to raise it now.

26. Westchester also based its denial on the contention that the Insured failed to provide timely notice of the Underlying Action, citing a breach of the notice condition. Westchester was not prejudiced by any breach of the notice condition, however, because the action was fully defended by counsel otherwise approved by Westchester, because Westchester had ample opportunity to investigate the claim prior to settlement, and because Westchester missed no opportunity to settle for an amount less than the ultimate settlement.

27. Westchester refused to participate in the defense of the Insured in the Underlying Action.

28. Westchester refused to participate in settlement negotiations of the Underlying Action.

**D.    The Settlement of the Underlying Action**

29. On or about February 4, 2014, LIUI agreed to fund a settlement of the Underlying Action in a confidential amount (the "Settlement Amount"). LIUI paid the Settlement Amount in exchange for a full and complete release of the Insured.

30. At no time did the Insured or LIUI have an opportunity to settle the Underlying Action for an amount less than the Settlement Amount.

31. The payment of the Settlement Amount was a reasonable settlement of the Underlying Action in light of the potential liability and damages.

32. The settlement of the Underlying Action was an arms-length, non-collusive transaction.

### E. LIUI's Satisfaction of Westchester's Obligations

33. The Underlying Action asserted a "Claim" for "Damages" arising out of an act, error or omission in the rendering or failing to render "Professional Services," as those terms are defined by the Westchester Policy, and no exclusion in the Westchester Policy applied to the entirety of the Underlying Action.

34. The Underlying Action was deemed by the Westchester Policy as a claim made during the policy period of the Westchester Policy, based on the timely report of the notice of potential claim.

35. Accordingly, Westchester was obligated to pay for the defense of the Insured in the Underlying Action and to pay the settlement of the Underlying Action.

36. To the extent the Westchester Policy covers those amounts, LIUI is not obligated to pay for the defense and settlement of the Underlying Action. Acting under compulsion and in its own interests given Westchester's complete and wrongful denial of coverage, LIUI paid those amounts.

37. LIUI's payment of Westchester's obligation equitably subrogates LIUI to the rights of the Insured against Westchester.

### COUNT I – BREACH OF CONTRACT
### DUTY TO DEFEND

38. LIUI incorporates the allegations of paragraphs 1 through 37 as if set forth herein.

39. The Underlying Action was covered by the Westchester Policy for purposes of triggering the duty to defend.

40. The Insured or those acting on their behalf fulfilled all conditions to coverage or, in the alternative, Westchester was not prejudiced by any breach of a condition.

41. Accordingly, Westchester was obligated to provide the Insured a full defense to the Underlying Action.

42. Westchester breached that obligation by failing and refusing to provide a full defense.

43. Westchester's breach of contractual obligation to defend caused damage in an amount exceeding $130,000.

44. Pursuant to the doctrine of subrogation, Liberty is entitled to recover those damages.

## COUNT II – BREACH OF CONTRACT
## DUTY TO INDEMNIFY

45. LIUI incorporates the allegations of paragraphs 1 through 37 as if set forth herein.

46. The Underlying Action was covered by the Westchester Policy for purposes of triggering the duty to indemnify.

47. The Insured or those acting on their behalf fulfilled all conditions to coverage or, in the alternative, Westchester was not prejudiced by any breach of a condition.

48. Accordingly, Westchester was obligated to fully indemnify the Insured, up to the Westchester Policy limits, for the settlement of the Underlying Action.

49. Westchester breached that obligation by failing and refusing to indemnify Sidwell Barrett for the settlement.

50. Westchester's breach of contractual obligation to indemnify caused damage in the amount of the Settlement Amount.

51. Pursuant to the doctrine of subrogation, Liberty is entitled to assert this claim and recover those damages.

WHEREFORE, Plaintiff LIUI respectfully requests that this Court award it damages in an amount to be determined at trial, including but not limited to:

a) the amount LIUI paid in attorneys' fees, costs, interest, and other expenses to defend the Underlying Action;

b) the Settlement Amount, including interest; and

c) such other and further relief as the Court deems proper and just.

Respectfully submitted May 1, 2015.

_____
Sean C. Kirk (BPR No. 22878)
Bone McAllester Norton, PLLC
511 Union Street, Suite 1600
Nashville, TN 37219
Phone: 615-238-6307
Fax: 615-687-2760
skirk@bonelaw.com

*Attorney for Plaintiff*